[Cite as *State v. Porter*, 2014-Ohio-2680.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13CA89 |
| RICKY PORTER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
                            Common Pleas, Case No. 2013CR0329D


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 16, 2014


APPEARANCES:


For Plaintiff-Appellee              For Defendant-Appellant


JAMES J. MAYER, JR.                 ROBERT GOLDBERGER
Prosecuting Attorney                10 West Newlon Place
Richland County, Ohio               Mansfield, Ohio 44902

By: John C. Nieft
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Hoffman, P.J.*

{¶1} Defendant-appellant Ricky Porter appeals his conviction and sentence entered by the Richland County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On May 12, 2013, officers from the Mansfield Police Department responded to a call at The Woods Apartment Complex located at 944 Woodville Road in Mansfield. Appellant's mother called the police due to Appellant's being drunk and angry.

{¶3} Upon the officers' arrival, they searched unsuccessfully for Appellant in the apartment building and on the grounds of the complex. The officers photographed damage allegedly done by Appellant to the property. During this time, a neighbor's daughter visited with Appellant's mother to calm her down.

{¶4} After the officers left the premises, Appellant returned, banging and kicking at the door. The neighbor's daughter called the police. Officers were again dispatched to the apartment complex. Officers Dittrich and McKinley of the Mansfield Police Department responded and searched the laundry room. They found Appellant hiding behind pipes next to a furnace. Appellant refused to come out. Officer McKinley testified he could smell the odor of alcohol on Appellant's person. Appellant had slurred speech, glassy eyes and an agitated attitude. The officers attempted to extract Appellant from the premises, but Appellant broke free and became violent. Appellant punched Officer Dittrich in the jaw and clawed his face and left eye.

{¶5} Another officer came to the aid of Officers Dittrich and McKinley, helping to tackle Appellant. Appellant was eventually handcuffed, while yelling obscenities at the officers. Appellant continued to cuss and threaten the officers. At the jail, he threw a punch at a corrections officer.

{¶6} Officer Dittrich's injuries included a swollen left eye, left jaw, and scratches on his cheek. He also suffered a shoulder injury. Officer McKinley had a torn uniform and some bruising.

{¶7} As a result of the incident, Appellant was indicted on one count of assault of a police officer, in violation of R.C. 2903.13(A), a felony of the fourth degree.

{¶8} The matter proceeded to a jury trial. Appellant was found guilty of the charge, and sentenced to eighteen months incarceration and restitution.

{¶9} Appellant appeals, assigning as error:

{¶10} "I. APPELLANT LACKED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶11} "II. THE COURT ERRED IN OVERRULING DEFENDANT'S ATTEMPT TO IMPEACH WITNESS FRANCE."

I.

{¶12} In the first assignment of error, Appellant maintains he was denied the effective assistance of trial counsel.

{¶13} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

**{¶14}** "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

**{¶15}** Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

**{¶16}** Appellant maintains his trial counsel was ineffective in failing to introduce statements of Appellant's mother stating, "They are beating up my baby."

**{¶17}** At trial, the defense averred the Mansfield Police Department, Officer Dittrich in particular, retaliated against Appellant for a complaint he had lodged against the Mansfield Police Department six months previous.

**{¶18}** Upon review of the record, we find Appellant has not demonstrated how the statements made by his mother would have affected the outcome of the trial. Specifically, Appellant has not demonstrated a reasonable probability, but for the alleged error of trial counsel, the result of the proceeding would have been different.

**{¶19}** Accordingly, the first assignment of error is overruled.

II.

{¶20} In the second assigned error, Appellant maintains the trial court erred in denying his attempt to impeach a witness. Specifically, Appellant asserts Witness Walter France had become a hostile witness in Appellant's attempt to demonstrate police misconduct, and the trial court erred in not allowing counsel to refresh the witness' recollection.

{¶21} At trial herein, the following exchange occurred on the record,

{¶22} "Q. What did it sound like?

{¶23} "A. It sounded like somebody was tearing up the place.

{¶24} "Q. Okay. The guy laying on the floor, was he acting in an aggressive manner in any way?

{¶25} "A. No, he was laying still, had his face down.

{¶26} "Q. Was this at the end of all the noise, was the noise over at that point?

{¶27} "A. Yeah.

{¶28} "Q. So you never saw what was happening in there?

{¶29} "A. No, no.

{¶30} "Q. Do you remember a discussion we had on the phone a few weeks ago?

{¶31} "A. I talked to a lot of people since I talked to you, Mr. Cockley. I can't say that I do.

{¶32} "Q. A discussion where you indicated - -

{¶33} "MS. COUCH-PAGE: Objection, Your Honor.

{¶34} "THE COURT: Sustained.

**{¶35}** "Q. From the time you heard the big boom on the wall, that knocked the pictures off, to when the officer left and the people left, how much time do you think elapsed?

**{¶36}** "A. Not really sure. I was more concerned with my mother. When I found out she wasn't in any danger I pretty much went back in the apartment and continued to make sure she was okay. Not really sure.

**{¶37}** "MR. COCKLEY: Nothing further. Thank you."

**{¶38}** Tr. at 257-258.

**{¶39}** Evidence Rule 607(A) reads,

**{¶40}** "(A) Who may impeach

**{¶41}** "The credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage. This exception does not apply to statements admitted pursuant to Evid. R. 801(D)(1)(a), 801(D)(2), or 803."

**{¶42}** Appellant's counsel attempted to impeach his witness with a prior inconsistent statement to counsel. Appellant's counsel did not claim surprise or affirmative damage. Appellant's counsel continued with questioning of France. The witness testified he did not see the events taking place in the hall, but only heard the noise. Assuming arguendo, the trial court erred in prohibiting Appellant to impeach his own witness by means of a prior inconsistent statement, we find Appellant has not demonstrated prejudice as a result of the alleged error. Accordingly, we find the trial court's alleged error would be harmless.

**{¶43}** Appellant's second assignment of error is overruled.

**{¶44}** Appellant's conviction and sentence entered by the Richland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Baldwin, J. concur